United States Courts
Southern District of Texas
FILED

*April 01, 2026*

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:26-cr-204** |
| | § | |
| | § | |
| **SUMIT KUMAR SINGH** | § | |

**INDICTMENT**

THE GRAND JURY CHARGES:

**COUNT ONE**
(Conspiracy 18 U.S.C. § 1349)

**A.      INTRODUCTION**

At all times material to this Indictment:

1.      Defendant **SUMIT KUMAR SINGH ("SINGH")** was an inmate at a federal prison in the Northern District of Texas serving a prison sentence for his role in a mail fraud scheme that targeted elderly victims by tricking victims into mailing money to fraudsters using various untrue ruse stories.

2.      Co-conspirator "OO" was a resident of Edinburg, Texas within the Southern District of Texas who maintained a business bank account (WF7312) and a personal bank account (WF9977) at Wells Fargo bank.

3.      It is a federal crime for inmates to possess cell phones in federal prisons.

4.      While incarcerated in federal prison, **SINGH** acquired a cell phone and used the cell phone from inside prison to engage in a mail fraud and money laundering

1

conspiracy with co-conspirators outside prison, including co-conspirator OO located in the Southern District of Texas.

5.    **SINGH** and co-conspirators outside prison committed a fraud scheme targeting primarily elderly victims throughout the United States. The fraud scheme used various untrue ruses to trick and deceive victims into believing they were talking to either PayPal or a federal government agent, and that the victims needed to send money that would later be returned to them after (a) receiving a new identification card (somehow connected to Attorney General Pam Bondi); or (b) removing the victim from a government list connected to drug cartels and "cleaning" the victim's money; or (c) protecting the victim's money so hackers could not steal it.

6.    The scheme generally worked by the fraudsters making contact with the victim by text or phone. Once a victim responded, they were instructed to mail checks to a designated address in the Southern District of Texas that in reality was the address of **SINGH'S** co-conspirator OO who, for a fee, cashed the victims' checks and then distributed the remaining funds to other co-conspirators.

7.    On or about July 17, 2025, a 93-year old victim in North Dakota whose initials are IO mailed a personal check by United States mail for $45,000 to co-conspirator OO in Edinburg, Texas after speaking to "Mark," who told the victim

something about Attorney General Pam Bondi, obtaining a new identification card, and that IO would receive her funds back.

8.      On or about August 4, 2025, **SINGH** texted a photo of IO's check to a co-conspirator whose contact name in **SINGH's** phone was "David."

9.      On or about August 5, 2025, **SINGH** texted a co-conspirator the Cash App information for a co-conspirator whose $Cashtag name included the name "Rick."

10.     On or about August 6, 2025, co-conspirator OO deposited victim IO's check into his WF7312 account at a Wells Fargo branch in Edinburg, Texas.

11.     On or about August 6, 2025, **SINGH** texted a photo of the receipt for the deposit of victim IO's check into OO's WF7312 account in Edinburg, Texas to a co-conspirator named "Neeraj" with an Indian phone number.

12.     On or about August 7, 2025, co-conspirator OO withdrew $36,110 from WF7312.

13.     On or about August 11, 2025, co-conspirator OO transferred $6,000 from WF 7312 to WF9977.

14.     On or about August 11, 2025, co-conspirator OO sent a Cash App of $3,100 from WF9977 to a co-conspirator whose $Cashtag name included the name "Rick."

15.    On or about August 13, 2025, co-conspirator OO deposited or caused to be deposited $36,510 in cash to WF7312 and purchased a cashier's check for $14,211 from WF7312 payable to "IAA."

16.    On or about August 13, 2025, co-conspirator OO made or caused to be made transfers of $9,000 from WF7312 to WF9977.

## B.    THE CONSPIRACY

17.    From at least in or around July 2025 through in or around August 2025, in the Southern District of Texas and elsewhere,

### SUMIT KUMAR SINGH

the defendant, and others known and unknown, did knowingly combine, conspire, confederate, and agree with others known and unknown, to commit mail fraud, in violation of Title 18, United States Code, Section 1341.

18.    It was a part and object of the conspiracy that defendants, and others known and unknown, did knowingly and willfully devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause mail to be delivered by private and commercial interstate carriers, in violation of Title 18, United States Code, Section 1341.

4

## C.     MANNER AND MEANS OF THE CONSPIRACY

19.    The defendants sought to accomplish the purpose of the conspiracy by, among other things, the following manner and means, among other things:

a.     Deceiving victims with various untrue ruse stories into believing they needed to mail money to the fraudsters that would later be sent back to the victims.

     In violation of Title 18, United States Code, Section 1349.

### COUNTS TWO - FOUR
### [Mail Fraud: 18 U.S.C. § 1341]

20.    Paragraphs 1 – 19 of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

21.    From at least in or around July 2025 to at least in or about August 2025, in the Southern District of Texas and elsewhere, the defendant,

### SUMIT KUMAR SINGH

     did knowingly and willfully devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause mail to be delivered by the United States Postal service and by a private and commercial interstate carrier.

22.    It was part of the scheme to defraud that defendant and his co-conspirators engaged in a fraud scheme to deceive victims with various untrue ruse stories,

causing individuals throughout the United States to mail checks to be delivered by United States mail and by private and commercial interstate carriers.

23.     On or about the following dates, for the purpose of executing the scheme to defraud, the defendant,

**SUMIT KUMAR SINGH**

knowingly did cause mail to be delivered by United States mail and private and commercial interstate carriers as set forth below:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 2 | 7/17/2025 | Mail matter containing a personal check from a 93-year-old victim delivered to the Southern District of Texas |
| 3 | 8/12/2025 | Mail matter containing a cashier's check from a 76-year-old victim delivered to the Southern District of Texas |
| 4 | 8/13/2025 | Mail matter containing a personal check from an 89-year-old victim delivered to the Southern District of Texas |

In violation of Title 18, United States Code, Section 1341 and 2.

## COUNT FIVE
**[Money Laundering Conspiracy: 18 U.S.C. § 1956(h)]**

Paragraphs 1 – 23 are incorporated herein by reference in their entirety.

24.     From in or about July 2025 to in or about August 2025, in the Southern District of Texas and elsewhere, **SUMIT KUMAR SINGH** the defendant, did

knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions—to wit, bank deposits, withdrawals, and transfers—knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity and which, in fact, involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, in violations of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF CRIMINAL FORFEITURE
### (28 U.S.C. § 2461(c); 18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1)(A))

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant that in the event of conviction of any of Counts One through Four of this Indictment, the United States will seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendant that in the event of conviction of Count Five of

this Indictment, the United States will seek forfeiture of all property, real or personal, involved in money laundering offenses or traceable to such property.

### Money Judgment and Substitute Assets

The United States will seek the imposition of a money judgment against defendant. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States may seek to forfeit any other property of the defendant in substitution.

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

_____
FOREPERSON OF THE GRAND JURY

JOHN G.E. MARCK
Acting United States Attorney

By:    *Belinda Beek*

Belinda Beek
Assistant United States Attorney

8